
DA 25-0386

IN THE SUPREME COURT OF THE STATE OF MONTANA

2025 MT 291N

IN THE MATTER OF:

K.H. and D.H.,

    Youths in Need of Care.

APPEAL FROM:    District Court of the Twelfth Judicial District,
In and For the County of Hill, Cause Nos. DN 22-39 and DN 22-40
Honorable Kaydee Snipes Ruiz, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

        Shannon Hathaway, Hathaway Law Group, Missoula, Montana

    For Appellee:

        Austin Knudsen, Montana Attorney General, Katie F. Schulz, Assistant Attorney General, Helena, Montana

        John Waller, Assistant Attorney General, Billings, Montana

Submitted on Briefs:  December 3, 2025

Decided:  December 16, 2025

Filed:

_____
Clerk

Justice Katherine Bidegaray delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     B.S. (Mother) appeals the Twelfth Judicial District Court's orders terminating her parental rights to K.H. and D.H. under § 41-3-609(1)(f), MCA. She asserts the Montana Department of Public Health and Human Services (Department) failed to make reasonable efforts—primarily because visitation was reduced and later suspended—and that the evidence did not clearly and convincingly establish that her conduct was unlikely to change within a reasonable time. We affirm.

¶3     We review a termination of parental rights for an abuse of discretion and underlying findings for clear error. *In re A.B.*, 2020 MT 64, ¶ 23, 399 Mont. 219, 460 P.3d 405; *In re D.F.*, 2007 MT 147, ¶ 22, 337 Mont. 461, 161 P.3d 825. We view the evidence in the light most favorable to the prevailing party. *In re A.M.G.*, 2022 MT 175, ¶ 18, 410 Mont. 25, 517 P.3d 149. Termination under § 41-3-609(1)(f), MCA, is controlled by settled law.

¶4     Substantial credible evidence supports the District Court's finding that Mother did not successfully complete her treatment plan. She did not timely provide a mental health evaluation, did not follow through with counseling, did not sign releases allowing the Department to verify progress, and maintained sporadic contact with the caseworker.

2

A court may consider a parent's past conduct when assessing capacity for future change. *In re M.T.*, 2002 MT 174, ¶ 34, 310 Mont. 506, 51 P.3d 1141. On this record, the District Court reasonably found Mother had not met key requirements of her plan. *In re K.L.*, 2014 MT 28, ¶ 14, 373 Mont. 421, 318 P.3d 691 (clear and convincing standard requires a definite, clear preponderance of evidence).

¶5 The District Court also did not clearly err in finding that Mother's conduct was unlikely to change within a reasonable time. *See* § 41-3-609(2), MCA; *In re A.B.*, ¶ 27. The children had been in foster care for nearly three years; § 41-3-604(1), MCA, therefore created a presumption that termination was in their best interests. Both children had significant mental health diagnoses, and the counselor testified that contact with Mother triggered behavioral dysregulation requiring long-term therapeutic support. The court permissibly gave "primary consideration to the physical, mental, and emotional conditions and needs of the child." Section 41-3-609(3), MCA.

¶6 The record supports the District Court's conclusion that the Department made reasonable efforts. Section 41-3-423, MCA; *In re C.M.*, 2019 MT 227, ¶ 22, 397 Mont. 275, 449 P.3d 806; *In re R.J.F.*, 2019 MT 113, ¶ 37, 395 Mont. 454, 443 P.3d 387 (Department required to make reasonable—not herculean—efforts). The Department facilitated regular video visits for more than a year, reduced them only when the children's counselor recommended doing so for therapeutic reasons, and advised Mother repeatedly that her out-of-state relocation and failure to complete mental health tasks prevented an Interstate Compact request. While Mother argues that the Department should have arranged alternate visitation formats or in-person contact, she did not return to Montana,

did not complete tasks necessary for out-of-state supervision, and did not challenge the suspension of visits in the District Court. *See In re H.T.*, 2015 MT 41, ¶ 14, 378 Mont. 206, 343 P.3d 159 (issues not raised below are not preserved). On this record, the District Court did not abuse its discretion in determining the Department's efforts were reasonable under the circumstances.

¶7 Having reviewed the full record and the parties' briefs, we conclude Mother has not shown the District Court's findings were clearly erroneous or that its termination decision exceeded the bounds of reason. *In re M.N.*, 2011 MT 245, ¶ 14, 362 Mont. 186, 261 P.3d 1047.

¶8 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules. The issues are controlled by settled Montana law, raise no constitutional or novel questions, and the District Court did not abuse its discretion.

¶9 Affirmed.

/S/ KATHERINE M. BIDEGARAY

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ INGRID GUSTAFSON

4